LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | |
|---|---|
| CARRIE PENCEK,<br><br>        Plaintiff,<br>v.<br><br>SIMPSON STRONG-TIE COMPANY INC;<br><br><br>        Defendant. | Case No. _____<br><br>**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Presiding Judge:<br>Magistrate Judge: |

## I.    INTRODUCTION

Now comes Plaintiff, Carrie Pencek ("Pencek"), by and through her Attorney, Michael L. Fradin, Attorney at Law, and brings this action against Defendant Simpson Strong-Tie Company Inc ("Simpson Strong-Tie"). Plaintiff is an individual diagnosed with chronic and severe depression and anxiety. Plaintiff began working full-time for Defendant in or around December 2018. Plaintiff was terminated from her employment with Defendant in or around August 2020. Plaintiff termination was the result of

Defendant punishing Plaintiff for seeking leave pursuant to the Family and Medical Leave Act ("FMLA") as well as for attempting to exercise other rights guaranteed under the FMLA and the Ohio Revised Code. As such, Plaintiff brings this action under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* and Ohio Revised Code Section 4112.02 seeking redress for Defendant's interference with her right to take medical leave under the FMLA and discrimination against Plaintiff for asserting her right to medical leave under the FMLA, for Defendant's failure to provide Plaintiff with reasonable accommodations, for Defendant's taking adverse employment action against Plaintiff, and for Defendant's termination of Plaintiff's employment on the basis of her disability.

## II. PARTIES

### A. Plaintiff

1. Plaintiff Carrie Pencek is a 47-year-old female who was employed as a Shipping/Receiving Clerk by Defendant Simpson Strong-Tie Co Inc. Plaintiff Pencek resides in Columbus, Ohio.

### B. Defendant

2. Defendant Simpson Strong-Tie is a corporation that manufactures structural building products. Defendant has an international customer base and is a resident of California and headquartered at 5956 W. LAS POSITAS BLVD PLEASANTON CA 94588. Defendant does business in the State of Ohio and has a Simpson Strong-Tie office, factory, and training center located at 2600 International Street in Columbus, Ohio, where Plaintiff worked.

## III. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to both 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

4. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Ohio, Eastern Division.

## IV.    FACTS

5. Defendant utilizes an attendance point system, in which instances of employee absences, tardiness, and/or leaving work early are assigned points. When enough points are accumulated by employees, adverse disciplinary actions are taken against said employees.

6. Plaintiff began working for Defendant as a Shipping/Receiving Clerk in or around December 2018.

7. Throughout her employment with Defendant, Plaintiff performed her job satisfactorily.

8. Approximately five years ago, Plaintiff was diagnosed with depression and anxiety disorder.

9. As a part of her medical condition, Plaintiff suffers anxiety attacks and intermittent difficulty with focusing.

10. Plaintiff filed for FMLA leave in April, 2020. Plaintiff and her doctor requested that Plaintiff take continuous leave from work from April 8, 2020 to April 10, 2020. This request for FMLA leave was denied.

11. On or about July 13, 2020, Plaintiff received a written warning from Defendant regarding her attendance, indicating that she had accumulated 7.5 points.

PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff was assigned at least one point for April 10, 2020, a date for which she had requested FMLA leave that was denied by Defendant.

12. Plaintiff again requested FMLA leave in July 2020. Plaintiff and her doctor requested that Plaintiff take intermittent leave on the date of July 20, 2020. Again, this request for FMLA leave was denied.

13. Both of Plaintiff's requests for FMLA leave were denied, despite Plaintiff providing Defendant with numerous forms documenting her serious medical condition including notes from her doctor stating that Plaintiff had a serious medical condition.

14. On or about August 14, 2020, Defendant terminated Plaintiff for accumulating too many points. Again, Plaintiff was assigned points for dates for which she had requested FMLA leave and was denied by Defendant.

15. If Defendant had properly accommodated Plaintiff's FMLA leave requests, Plaintiff would not have accumulated enough points to reach the point mark that Defendant indicated was the basis for terminating Plaintiff's employment.

## V. LEGAL CLAIMS

**First Claim for Relief
Against Defendant Simpson Strong-Tie
Violations of the Family and Medical Leave Act (FMLA)
(Interference and Discrimination)**

16. Plaintiff re-alleges all prior paragraph of the Complaint as if set out here in full.

17. At all times relevant to this Complaint, Defendant was a covered employer under the Family and Medical Leave Act ("FMLA").

18. At all relevant times, Defendant was engaged in an industry affecting commerce and employed fifty or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year.

19. When Plaintiff first requested FMLA leave, she had been employed by Defendant for at least twelve months and had performed at least 1,250 hours of service during the previous twelve-month period.

20. Pursuant to the FMLA, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided by the FMLA.

21. The FMLA's prohibition against interference prohibits an employer from discriminating or retaliating against an employee for having exercised or attempted to exercise FMLA rights.

22. Employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions, or disciplinary actions.

23. Employers who violate the FMLA may be liable for compensation and benefits lost by reason of the violation, for other actual monetary losses sustained as a direct result of the violation, and for appropriate equitable or other relief, including employment, reinstatement, promotion, or any other relief tailored to the harm suffered.

24. Defendant discriminated against Plaintiff in violation of the FMLA when Defendant denied Plaintiff's FMLA leave requests and took adverse employment and disciplinary actions against Plaintiff for taking leave that should have been excused as

FMLA leave, including, but not limited to recording Plaintiff's absences due to FMLA leave as "no notice" absences.

25. Defendant discriminated against Plaintiff in violation of the FMLA when Defendant terminated Plaintiff for accumulating too many "no notice" absences, when these "no notice" absences should have been excused as FMLA leave.

26. Defendant's actions constitute interference in Plaintiff's right to take FMLA leave.

27. Defendant retaliated against Plaintiff for attempting to exercise her rights pursuant to the FMLA.

28. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the FMLA.

29. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

**Second Claim for Relief**
**Against Defendant Simpson Strong-Tie**
**Ohio Revised Code 4112.02 et. al**

30. Plaintiff re-alleges all prior paragraph of the Complaint as if set out here in full.

31. At all times relevant to this lawsuit, Plaintiff was and is an individual with a disability within the meaning of O.R.C. 4112.02.

32. Defendant regarded Plaintiff as disabled within the meaning of O.R.C. 4112.02.

33. Defendant discriminated against Plaintiff on the basis of her disability by terminating her employment of the basis of her disability.

34. Defendant discriminated against Plaintiff on the basis of her disability by failing to provide reasonable accommodations to Plaintiff.

35. Defendant discriminated against Plaintiff on the basis of her disability by failing to engage in an interactive process to consider possible reasonable accommodations for Plaintiff to perform her essential job functions.

36. Defendant discriminated against Plaintiff by terminating her employment on the basis of her disability.

37. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights under the Ohio Revised Code.

38. Plaintiff has suffered damages as a result of Defendant's unlawful actions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant and asks the Court for the following relief:

(a) A declaratory judgment that Defendant discriminated against Plaintiff in violation of the Ohio Revised Code;

(b) A declaratory judgment that Defendant discriminated against Plaintiff in violation of the FMLA;

(c) A declaratory judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(d) An injunction ordering Defendant to reinstate Plaintiff to her prior position of employment with Defendant, with such retroactive promotions and benefits as Plaintiff would have received had she not been terminated;

(e) An injunction ordering Defendant to provide Plaintiff reasonable accommodations necessary for Plaintiff to perform her essential job functions;

(f) An order requiring Defendant to undergo periodic Discrimination and FMLA training;

(g) Back pay with interest;

(h) Payment of interest on all back pay recoverable;

(i) Compensatory, liquidated, and punitive damages;

(j) Attorneys' fees and costs; and

(k) Any other relief that the Court deems proper.

## VII. JURY DEMAND

Plaintiff Pencek demands trial by jury on all counts of the Complaint.

DATED: January 23, 2021                                         Respectfully submitted,


                                                                s/ *Michael L. Fradin*

                                                                Attorney for Plaintiff
                                                                8 N. Court St. Suite 403
                                                                Athens, Ohio 45701
                                                                P:847-986-5889
                                                                F:847-673-1228
                                                                mike@fradinlaw.com